# EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

---

**James William Faernstrom II and Amber Lee Schmutz,**

Plaintiffs,

v. Case No.: 8:25cv 01906-DOC-(DFM.)

**Thomas Lewis; Claudia Keshishian; Ralph Ulibari; Pathways Transitional Housing; and DOES 1–10, inclusive,**

Defendants.

---

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

DECLARATIONS IN SUPPORT

[PROPOSED] TEMPORARY RESTRAINING ORDER

---

TO THE HONORABLE COURT:

Plaintiffs James William Faernstrom II and Amber Lee Schmutz respectfully apply ex parte for a temporary restraining order and order to show cause re preliminary injunction.

# I. RELIEF REQUESTED

Plaintiffs respectfully request that this Court issue a temporary restraining order:

**1. Prohibitory Relief:** Enjoining defendants and all persons acting in concert with them from:

- Proceeding with any sheriff-enforced eviction of Plaintiffs from their current residence at 333 Orange Ave., Apt. 3, Long Beach, CA 90802;
- Enforcing the settlement agreement while in material breach of their obligations to provide safe alternative housing;
- Engaging in retaliation, harassment, intimidation, or coercive contact with Plaintiffs;
- Destroying, concealing, or altering any documents, communications, or records related to housing operations and government benefit programs;

**2. Mandatory Relief:** Requiring defendants to:

- Provide or fund safe, code-compliant temporary housing (such as hotel accommodations) for Plaintiffs during the pendency of this action;
- Preserve all documents and records relating to their housing operations and government benefit fraud scheme;

**3. Procedural Relief:**

- Setting an order to show cause hearing for preliminary injunctive relief within fourteen (14) days;
- Expedited service and briefing schedule.

# II. STATEMENT OF EMERGENCY CIRCUMSTANCES

### 1. Multi-Layered Coercion and Imminent Eviction

Plaintiffs face immediate eviction from their current residence at 333 Orange Ave., Apt. 3, Long Beach, CA 90802, as a result of defendants' escalating coercive scheme. Initially, defendants coerced Plaintiffs into a settlement agreement to vacate by July 7, 2025, in exchange for $2,500. After securing this agreement, defendants presented a secondary "deal" whereby Plaintiffs could remain until housing at 622½ Pacific Ave. became available, but coerced them into: (a) surrendering $1,200 of their settlement money back to defendants as a "deposit"; and (b) applying for Multi-Service Center emergency assistance. Now that Plaintiffs have reasonably refused to occupy uninhabitable and dangerous conditions at two properties, defendants are threatening immediate eviction unless Plaintiffs accept deplorable housing conditions that defendants falsely certified as "safe and up to code."

### 2. Health and Safety Emergency

Defendants are attempting to coerce Plaintiffs into accepting housing placements that contain documented health and safety hazards, including overcrowding, drug activity, and code violations that pose immediate risks to Plaintiffs' health and safety.

### 3. Ongoing Government Fraud

Defendants continue to defraud multiple government assistance programs while Plaintiffs are threatened with homelessness, demonstrating the urgent need for court intervention to protect both Plaintiffs and public resources.

### 4. Witness Intimidation and Obstruction of Justice

Defendants have escalated their retaliation and intimidation against Plaintiffs for exposing the systematic fraud scheme. This includes specific threats that Plaintiffs should not "interfere with the Multi-Service Center process," demonstrating defendants' intent to obstruct justice and prevent exposure of their fraud to the very government agency being defrauded. Despite these threats, Plaintiffs have already informed their caseworker at the Multi-Service Center about defendants' fraudulent representations, which has likely triggered defendants' current escalation of threats and coercive tactics.

# III. MEMORANDUM OF POINTS AND AUTHORITIES

## A. Standard for Temporary Restraining Order

A temporary restraining order may be issued without notice to the adverse party if the Court finds that: (1) immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies to the Court in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

Courts apply the traditional four-factor test for injunctive relief: (1) likelihood of success on the merits; (2) threat of irreparable harm; (3) balance of hardships; and (4) public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the Ninth Circuit, plaintiffs must demonstrate either: (a) a likelihood of success on the merits and the possibility of irreparable injury; or (b) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor. *Alliance for the Wild Rockies*, 632 F.3d at 1135.

## B. Likelihood of Success on the Merits

### 1. Section 1983 Claims (Strong Likelihood of Success)

Plaintiffs have demonstrated a strong likelihood of success on their § 1983 claims. To prevail under 42 U.S.C. § 1983, plaintiffs must show: (1) deprivation of a federal right; and (2) that the deprivation occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Color of State Law:** Defendants acted under color of state law by systematically invoking and misusing government processes, including:

- Filing perjured unlawful detainer actions while continuing to collect government rent payments;
- Making false certifications to government agencies to secure public benefit funding;
- Using court processes as instruments of extortion and coercion.

*See Monroe v. Pape*, 365 U.S. 167, 172 (1961) (misuse of official position satisfies color of law requirement); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (joint participation with state officials in seizure of property constitutes state action).

**Deprivation of Federal Rights:** Defendants deprived Plaintiffs of clearly established federal rights, including:

- Due process rights under the Fourteenth Amendment;
- Equal protection under the law;
- Rights secured by federal housing statutes.

### 2. RICO Claims (Strong Likelihood of Success)

Plaintiffs can establish the required RICO elements under 18 U.S.C. § 1962(c):

**Enterprise:** Defendants constitute an association-in-fact enterprise united in the common purpose of defrauding government assistance programs. *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**Pattern of Racketeering Activity:** Defendants have engaged in multiple predicate acts including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and extortion under the Hobbs Act (18 U.S.C. § 1951). *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (pattern requires at least two predicate acts showing continuity and relationship).

**Injury to Business or Property:** Plaintiffs have suffered concrete financial injury through defendants' fraudulent scheme. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

### 3. Fair Housing Act Claims (Strong Likelihood of Success)

Defendants violated the Fair Housing Act by:

- Discriminating against disabled individuals in violation of 42 U.S.C. § 3604(f);
- Retaliating against Plaintiffs for asserting their housing rights in violation of 42 U.S.C. § 3617.

*See Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989) (FHA protects against both discrimination and retaliation).

## C. Irreparable Harm

### 1. Imminent Homelessness

The threat of immediate eviction and homelessness constitutes irreparable harm that cannot be adequately compensated by monetary damages. Housing is a fundamental human need, and the loss of shelter creates immediate and ongoing harm to health, safety, and human dignity.

*See Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 704 (9th Cir. 1988) (recognizing that deprivation of housing constitutes irreparable injury); *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931) (injury is irreparable when it cannot be undone through monetary remedies).

### 2. Health and Safety Risks

Defendants' attempts to coerce Plaintiffs into accepting housing with documented health hazards, overcrowding, drug activity, and code violations pose immediate and irreparable risks to Plaintiffs' health and safety that cannot be remedied through monetary damages.

### 3. Ongoing Constitutional Violations

Continued deprivation of constitutional rights constitutes irreparable injury per se. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

### 4. Witness Intimidation and Retaliation

Ongoing retaliation and intimidation for exposing government fraud threatens Plaintiffs' safety and their ability to pursue this litigation, constituting irreparable harm to both their personal safety and their access to courts.

## D. Balance of Hardships

The balance of hardships tips sharply in Plaintiffs' favor. Defendants' burden of providing temporary safe housing or ceasing their harmful conduct is minimal compared to the catastrophic consequences of homelessness, health risks, and ongoing civil rights violations that Plaintiffs face.

Defendants have no legitimate interest in continuing fraudulent practices, retaliating against tenants, or coercing acceptance of uninhabitable housing conditions. Any burden imposed by the requested relief is outweighed by the prevention of ongoing harm to Plaintiffs and the public interest.

## E. Public Interest

The public interest strongly supports granting the requested relief:

**1. Prevention of Government Fraud:** The requested relief serves the compelling public interest in preventing systematic fraud against multiple government assistance programs designed to help vulnerable populations.

**2. Enforcement of Housing Laws:** Injunctive relief supports the public interest in ensuring that landlords and housing providers cannot use court processes to coerce tenants into accepting substandard or dangerous housing conditions.

**3. Civil Rights Protection:** The public has a strong interest in protecting the civil rights of disabled individuals and low-income tenants from discrimination and retaliation.

**4. Witness and Victim Protection:** Preventing retaliation against individuals who expose systematic fraud serves the public interest in encouraging reporting of governmental fraud and protecting access to courts.

## IV. NECESSITY FOR EX PARTE RELIEF

**1. Exigent Circumstances:** The imminent threat of sheriff-enforced eviction creates emergency circumstances that do not permit time for noticed motion practice.

**2. Notice Likely to Cause Additional Harm:** Given defendants' documented pattern of retaliation and escalating intimidation tactics, providing advance notice would likely result in:

- Accelerated harmful conduct toward Plaintiffs;
- Destruction or concealment of evidence documenting the fraud scheme;
- Additional retaliatory measures designed to silence Plaintiffs.

**3. Good Faith Efforts:** Counsel certifies that no practical opportunity existed to provide notice without defeating the purpose of the motion due to the emergency nature of the circumstances and defendants' demonstrated retaliatory conduct.

## V. SECURITY BOND

Plaintiffs respectfully request that any security requirement be waived based on their indigent status, as demonstrated in their accompanying Application to Proceed In Forma Pauperis. Fed. R. Civ. P. 65(c) permits the Court to waive security when appropriate.

Alternatively, if the Court deems security necessary, Plaintiffs request that any bond be set at a nominal amount commensurate with their financial circumstances, as any significant bond requirement would effectively deny them access to necessary emergency relief.

## VI. PROPOSED ORDER AND DURATION

Plaintiffs submit herewith a proposed Temporary Restraining Order. Pursuant to Fed. R. Civ. P. 65(b)(2), the requested TRO should expire no later than 14 days after entry, with provision for one extension of up to 14 additional days for good cause shown.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.

Respectfully submitted,

Date: 08/___/2025  _____
James William Faernstrom II

Plaintiff, Pro Se
2436 E. 4th St., PMB 1303
Long Beach, CA 90814
Tel: 562-620-0911
Email: james@einharjer.com

Date: 08/27/2025 _/s/ Amber Schmutz_
Amber Lee Schmutz
Plaintiff, Pro Se
2436 E. 4th St., PMB 1303
Long Beach, CA 90814
Tel: 562-681-1431
Email: amber@einharjer.com

---

# DECLARATION OF JAMES WILLIAM FAERNSTROM II IN SUPPORT OF EX PARTE APPLICATION

I, James William Faernstrom II, declare under penalty of perjury as follows:

**1. Personal Knowledge:** I am a plaintiff in this action and make this declaration based on my personal knowledge of the facts stated herein.

**2. Disability Status:** I am a disabled individual who receives General Relief benefits and housing assistance from Los Angeles County due to my disabilities.

**3. Original Housing Situation:** For approximately three years, I resided with co-plaintiff Amber Lee Schmutz in a studio apartment at 333 Orange Ave., Apt. 3, Long Beach, CA 90802, which was managed by defendants Lewis and Keshishian.

**4. Habitability Issues:** The unit contained numerous serious habitability defects that I personally observed and documented, including:

- Extensive mold contamination throughout the unit;
- Severe cockroach infestations that could not be controlled;
- Multiple building code violations that rendered the premises unsafe and uninhabitable.

**5. Government Rent Payments:** My rent was paid directly to defendants by Los Angeles County through the General Relief Housing Assistance program, eliminating any possibility of nonpayment by me.

**6. Organizing Activities:** When Ms. Schmutz and I attempted to organize with other tenants to address these dangerous conditions, defendants immediately began retaliating against us.

**7. Fraudulent Eviction:** In direct retaliation for our organizing activities, defendants filed an unlawful detainer action against us alleging nonpayment of rent, despite knowing that my rent was being paid directly by the county. This was a perjured filing designed to intimidate and coerce us.

**8. Initial Coercive Settlement:** Under threat of immediate eviction and facing homelessness, we were coerced into accepting an initial settlement agreement whereby defendant Pathways Transitional Housing paid us $2,500 in exchange for our agreement to vacate by July 7, 2025.

**9. Secondary Coercive Deal:** After securing the initial settlement, defendants presented us with a secondary "deal" whereby we could remain at 333 Orange Ave. until housing at 622½ Pacific Ave. became available, but only if we agreed to: (a) give back $1,200 of our settlement money as a "deposit" for the promised housing; and (b) apply for emergency assistance through the Multi-Service Center.

**10. Escalating Financial Extraction:** We were coerced into surrendering half of our settlement money ($1,200) back to defendants under false promises that safe, habitable housing would be provided at 622½ Pacific Ave.

**10. Government Fraud Scheme:** After the settlement, defendants directed us to apply for emergency housing assistance through the Multi-Service Center while simultaneously:

- Continuing to collect government rent payments for our vacated unit;
- Positioning Pathways to collect additional government funding for "transitional housing" services.

**11. First Fraudulent Placement:** Defendants directed us to a unit at 622½ Pacific Ave., Long Beach, CA 90814, and demanded $1,200 of our settlement money as a "deposit." They falsely certified to the Multi-Service Center that this unit was "safe and up to code."

**12. Documentation of Uninhabitable Conditions:** When I inspected the 622½ Pacific Ave. unit, I found and documented the following conditions:

- Multiple individuals living in the kitchen area due to overcrowding;
- Unsafe and unsanitary conditions throughout the unit;
- Multiple health and safety code violations;
- Conditions that were clearly uninhabitable under any reasonable standard.

I took video recordings and photographs of these conditions to document the false nature of defendants' certifications to government agencies.

**13. Reasonable Refusal:** We reasonably refused to move into these dangerous and uninhabitable conditions, but defendants refused to return our $1,200 despite their material breach of their representations.

**14. Second Fraudulent Placement:** Defendants then attempted to coerce us into a second placement at 412 Zona Court, Apt. 2, Long Beach, CA 90813. Upon arrival, I personally observed:

- An unknown individual sleeping in the hallway;
- Drug paraphernalia present in common areas;
- Unsafe conditions that posed immediate risks to our health and safety.

**15. Escalating Threats and Coercion:** When we reasonably refused to occupy either dangerous housing placement, defendants escalated their coercive tactics by: (a) refusing to return our $1,200 despite their material breach; (b) threatening immediate sheriff-enforced eviction from our current residence unless we accept the deplorable conditions; and (c) specifically threatening us not to "interfere with the Multi-Service Center process."

**16. Witness Intimidation and Reporting:** Despite defendants' threats, we informed our caseworker at the Multi-Service Center about the true conditions and defendants' fraudulent representations. Since exposing this fraud to government authorities, defendants have escalated their intimidation and eviction threats.

**17. Obstruction of Justice:** Defendants' threats regarding the Multi-Service Center process constitute witness intimidation, as they sought to prevent us from reporting their fraud to the very government agency they were defrauding.

**18. Imminent Harm:** Without immediate court intervention, we face:

- Immediate homelessness with no safe housing options;
- Continued retaliation and intimidation for exposing this fraud;
- Ongoing health and safety risks from defendants' coercive tactics;
- Loss of our ability to pursue this litigation due to defendants' intimidation.

**19. Emergency Nature of Relief:** The threatened eviction is imminent, and defendants have demonstrated they will not voluntarily cease their harmful conduct. Only immediate court intervention can prevent irreparable harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 08/27/2025

James William Faernstrom II

# DECLARATION OF AMBER LEE SCHMUTZ IN SUPPORT OF EX PARTE APPLICATION

I, Amber Lee Schmutz, declare under penalty of perjury as follows:

**1. Personal Knowledge:** I am a plaintiff in this action and make this declaration based on my personal knowledge of the facts stated herein.

**2. Employment and Income:** I work as an In-Home Supportive Services (IHSS) caregiver, providing care for disabled individuals, including Mr. Faernstrom.

**3. Joint Residence:** I resided with plaintiff James William Faernstrom II at the premises described in his declaration and personally witnessed all of the conditions and events he has described.

**4. Personal Observation of Habitability Issues:** I personally observed and can confirm the dangerous and uninhabitable conditions at 333 Orange Ave., including the mold contamination, cockroach infestations, and code violations that made the unit unsafe for human habitation.

**5. Organizing and Retaliation:** I participated with Mr. Faernstrom in efforts to organize tenants to address the unsafe housing conditions. I witnessed defendants' immediate retaliatory response, including their decision to file the fraudulent eviction action.

**6. Coercive Settlement Process:** I was present during the settlement negotiations and witnessed the coercive tactics used by defendants to force our acceptance of the settlement terms under threat of immediate homelessness.

**7. Inspection of Fraudulent Placements:** I accompanied Mr. Faernstrom to inspect both proposed housing placements and can confirm from personal observation:

- The overcrowded and unsafe conditions at 621½ Pacific Ave.;
- The presence of drug activity and unsafe conditions at 412 Zona Court;
- The clear uninhabitability of both locations despite defendants' false certifications.

**8. Documentation and Evidence:** I assisted in documenting the uninhabitable conditions at both locations and can testify to the accuracy of the photographic and video evidence we collected.

**9. Personal Impact of Retaliation:** I have been personally subjected to intimidation and threats by defendants as a result of our refusal to facilitate their fraud scheme and our support of tenant organizing activities.

**10. Witness to Ongoing Fraud:** I have personal knowledge of defendants' ongoing fraud scheme, including their false representations to government agencies and their systematic exploitation of vulnerable tenants.

**11. Current Housing Status:** Both Mr. Faernstrom and I continue to reside at 333 Orange Ave., Apt. 3, as defendants assured us we could remain there until suitable alternative housing was provided. Defendants have breached this agreement by failing to provide safe housing while now threatening to evict us, which would leave us homeless.

**12. Immediate Harm:** Without court intervention, both Mr. Faernstrom and I face immediate eviction from our current residence with no safe alternative housing, continued retaliation, and ongoing harm from defendants' systematic fraud and intimidation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 08/27/2025 _____
Amber Lee Schmutz

---

# [PROPOSED] TEMPORARY RESTRAINING ORDER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**James William Faernstrom II and Amber Lee Schmutz,**

Plaintiffs,

v. Case No.: _____

**Thomas Lewis; Claudia Keshishian; Ralph Ulibari; Pathways Transitional Housing; and DOES 1–10, inclusive,**

Defendants.

---

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter came before the Court on Plaintiffs' Ex Parte Application for Temporary Restraining Order. Having considered the application, supporting memorandum, declarations, and all papers on file, and good cause appearing,

**IT IS HEREBY ORDERED:**

# I. INJUNCTIVE RELIEF

**1. PROHIBITION OF EVICTION AND DISPLACEMENT:** Defendants Thomas Lewis, Claudia Keshishian, Ralph Ulibari, Pathways Transitional Housing, and all persons acting in concert with them, are hereby ENJOINED and RESTRAINED from:

a. Proceeding with any sheriff-enforced eviction of Plaintiffs from their current residence at 333 Orange Ave., Apt. 3, Long Beach, CA 90802; b. Enforcing the settlement agreement dated _____, 2025, while in material breach of their obligation to provide safe, habitable alternative housing; c. Interfering with Plaintiffs' peaceful occupancy of their current residence pending resolution of this matter.

**2. PROHIBITION OF RETALIATION AND INTIMIDATION:** Defendants are hereby ENJOINED and RESTRAINED from:

a. Engaging in harassment, intimidation, threats, or retaliation against Plaintiffs; b. Making false reports to law enforcement agencies regarding Plaintiffs; c. Contacting Plaintiffs except through counsel or as authorized by this Court; d. Taking any action designed to coerce, intimidate, or silence Plaintiffs.

**3. PRESERVATION OF EVIDENCE:** Defendants are hereby ENJOINED and RESTRAINED from destroying, concealing, altering, or disposing of any documents, communications, records, or other evidence related to:

a. Housing operations and tenant placements; b. Government benefit programs and certifications; c. Financial transactions involving public funds; d. Communications with government agencies; e. The conduct alleged in this lawsuit.

# II. AFFIRMATIVE OBLIGATIONS

**4. TEMPORARY HOUSING:** Defendants are hereby ORDERED to provide or fund safe, code-compliant temporary housing accommodations for Plaintiffs (such as hotel lodging) pending further order of this Court, with such accommodations to meet reasonable standards of habitability and safety.

**5. STATUS QUO MAINTENANCE:** Defendants are hereby ORDERED to maintain the status quo regarding Plaintiffs' housing situation and refrain from any actions that would worsen Plaintiffs' current circumstances.

**6. DOCUMENT PRESERVATION:** Defendants are hereby ORDERED to preserve and maintain in their current condition all documents, records, communications, and other materials described in paragraph 3 above.

## III. DURATION AND FURTHER PROCEEDINGS

**7. EFFECTIVE PERIOD:** This Temporary Restraining Order shall remain in effect until 08/___/2025, at 11:59 p.m., unless extended by further order of this Court.

**8. ORDER TO SHOW CAUSE:** Defendants are hereby ORDERED TO SHOW CAUSE on 08/___/2025, at : _.m., in Courtroom ___ of this Court, why a preliminary injunction should not issue enjoining the conduct described herein and requiring the affirmative relief requested by Plaintiffs.

**9. EXPEDITED BRIEFING:**

- Defendants' response to the Order to Show Cause shall be filed no later than 08/___/2025;
- Plaintiffs' reply, if any, shall be filed no later than 08/___/2025;
- The hearing on the Order to Show Cause is set for 08/___/2025, at : _.m.

## IV. SERVICE AND SECURITY

**10. SERVICE:** This Order may be served by any method reasonably calculated to give defendants actual notice, including personal service, certified mail, email, or posting at defendants' known addresses.

**11. SECURITY BOND:** Based on Plaintiffs' demonstrated indigency and in forma pauperis status, no security bond is required. Fed. R. Civ. P. 65(c).

## V. ENFORCEMENT

**12. BINDING EFFECT:** This Order is binding upon defendants and all persons acting in concert with them who receive actual notice of this Order.

**13. CONTEMPT:** Violation of this Order may result in citation for contempt of court and imposition of sanctions, including fines and imprisonment.

**IT IS SO ORDERED.**

Date: 08/___/2025

_____
UNITED STATES DISTRICT JUDGE