# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James William Faernstrom II et al <br><br> v. <br><br> Thomas Lewis et al <br><br> PLAINTIFF(S) / DEFENDANT(S) | **CASE NUMBER** <br><br> 8:25-cv-01906-DOC-DFM <br><br> **ORDER ON REQUEST TO PROCEED** <br> *IN FORMA PAUPERIS* <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

8/27/2025
Date

*David O. Carter* (signature)
DAVID O. CARTER, United States District Judge

Plaintiffs' complaint fails to state a claim on which relief may be granted. Plaintiffs bring claims against their landlord and its employees for alleged violations of § 1983-including conspiracy, civil RICO the Fair Housing Act, and various state law claims. (Dkt. 1.) The Court turns to each of Plaintiffs' causes of action.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Plaintiffs bring claims against their former landlords who purportedly received government funding. (Dkt. 1). This funding is insufficient to render the defendants as "acting under color of state law." Accordingly, Plaintiffs' § 1983 claims-including conspiracy-fail.

The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a private right of action for "[a]ny person injured in his business or property" by a RICO violation. 18 U.S.C. § 1962(c). RICO provides for both criminal and civil liability. See Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007); 18 U.S.C. §§ 1961–68. To state a claim for a civil violation of the RICO Act, a plaintiff must plead that the defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." Chaset, 300 F.3d at 1086; 18 U.S.C. §§ 1962(c), 1962(c); see also Odom, 486 F.3d at 547. A "pattern of racketeering activity" is established when a plaintiff proves that a defendant committed two or more predicate acts. 18 U.S.C. § 1961(5); Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987). Here, Plaintiffs state three predicate offenses: mail fraud, wire fraud, and extortion. (Dkt. 1) ¶ 49. Since Plaintiffs' mail and wire fraud claims are based on fraudulent acts, Rule 9(b)'s standards apply to their pleading and they must be stated with particularity. See Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1400 (9th Cir. 1986); Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity and the role of each defendant in each scheme. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). Plaintiffs do not provide this level of particularity for pleading these predicate acts, (Dkt. 1), and accordingly their RICO claim fails.

"[T]he [Fair Housing Act] renders it unlawful to, among other things, 'make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.'" Ave. 6E Invs., LLC v. City of Yuma, Ariz., 818 F.3d 493, 502 (9th Cir. 2016) (quoting 42 U.S.C. § 3604(a)). Here, Plaintiffs claim they were discriminated against based on disability. (Dkt. 1) ¶ 54. But they fail to allege any disability or how the alleged discrimination was based on a disability. Accordingly, Plaintiffs Fair Housing Act claim fails.

In addition, under Younger v. Harris, 401 U.S. 37 (1971), federal courts are required to abstain from hearing a case that would enjoin or otherwise interfere with pending state proceedings. Here, it would be improper for the Court to meddle in ongoing state court eviction proceedings.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Plaintiff's §1983 claim-including conspiracy, RICO claim, and Fair Housing Act claim were the only federal causes of action alleged which provided subject matter jurisdiction. Without these claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. 28 U.S.C. § 1367(c). Accordingly, Plaintiffs' Complaint is DISMISSED WITH PREJUDICE and Plaintiff's Motion for a TRO (Dkt. 2) is DENIED AS MOOT.

Plaintiffs may consider bringing their state law claims in a state court action, like an unlawful detainer.

*(attach additional pages if necessary)*